# Stone et al. v. The Great Atlantic and Pacific Tea Company

*George Morrow* and *James G. McDonough*, for plaintiffs.

*O'Malley, Harris, Harris and Warren*, for defendant.

EAGEN, J., December 1, 1947.—Since 1938 defendant has rented from plaintiffs certain premises used for food merchandising purposes. The written lease provides, inter alia:

"The lessor obligates himself to renovate or repair the premises to the lessee's satisfaction, in such manner as will make the leased premises thoroughly sanitary and in first class condition, and to keep them in that condition; and he assumes liability for all damages resulting from his breach of this covenant. He agrees to replace and repair any part of the property or any appurtenance rendered unfit for use by reason of any act not attributable to the lessee."

In 1944, the floor of the store was in such a state of disrepair that it constituted a very dangerous condition for the buying public. Repeated demands by the tenant that the landlord correct the condition were ignored. Finally the tenant caused the necessary re-

pairs to be made and deducted the cost thereof from the rent payments. This action in assumpsit was instituted to collect this unpaid rent, it being the contention of plaintiffs that the legal responsibility of making these repairs was solely with the lessee.

The case after trial resulted in a verdict for defendant. Plaintiffs now move for judgment n. o. v. and/or a new trial.

There wasn't a scintilla of evidence offered to show that any act of defendant tenant, either wanton or negligent, caused the existing condition. From some of the testimony offered by defendant it could be found that a flood, which inundated the floor, at least contributed.

The trial judge instructed the jury that if the repairs were necessary to render the premises tenantable for the lessee's purpose and the cost thereof was reasonable the verdict should be for defendant. What caused the disrepair was not submitted as an issue.

It is the contention of plaintiffs that in order to escape liability for making the repairs the burden was upon defendant to establish that no act on its part caused the condition. If this be correct, the trial judge erred in refusing to submit as an issue for the jury's determination the cause of the damage.

With this position, we fail to agree. In the absence of any relevant provisions in the lease, the responsibility to repair and keep the premises in a tenantable condition would undoubtedly rest with the tenant: Irish et al. v. Rosenbaum Co., 348 Pa. 194. However, the lease clearly states that the landlord *will keep* the premises in a "first class tenantable condition." Certainly these words are unambiguous and render the responsibility of the landlords under the contract crystal clear. The further stipulation that they will repair any portion of the premises rendered unfit for use by any act not attributable to the lessee must be read in conjunction with the preceding clause. This

excuses the landlord from keeping the premises in a "first class tenantable condition" if and only if the tenant is the cause of bringing it about. The burden rested primarily upon the landlord under their covenant, the burden of shifting the responsibility rested upon them. It was, therefore, plaintiffs' burden to establish that the tenant was responsible for the damage and since no evidence to lead to any such conclusion was presented the jury could hardly have so found.

Judgment n. o. v. and a new trial are, therefore, refused and motions in support thereof are overruled.

Now, December 1, 1947, judgment is directed to be entered upon the verdict.